IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CODY ENIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:12-CV-0295-D |
| VS. | § | |
| | § | |
| BANK OF AMERICA, N.A., AS | § | |
| SUCCESSOR BY MERGER TO BAC | § | |
| HOME LOANS SERVICING, L.P., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this action arising from a residential foreclosure, defendant Bank of America, N.A.

("BOA") moves to dismiss under Fed. R. Civ. P. 12(b)(6) the claims brought by plaintiff

Cody Enis ("Enis"). For the reasons below, the court grants the motion in part, denies it in

part, and allows Enis to replead.

I

Enis purchased his property in 2007 and executed a note to BSM Financial, L.P., d/b/a

Banksource Mortgage ("BSM"). He signed a deed of trust that named Mortgage Electronic

Registration Systems, Inc. ("MERS") as the nominee for BSM and BSM's successors and

assigns.

Enis fell behind on his note payments in 2009. He alleges that he entered into a

modified payment plan with the company servicing his note at that time: Taylor, Bean &

Whitaker Mortgage Co. ("TB&W").[1]  In August 2009 Enis was notified that BAC Home

Loans Servicing, L.P. ("BAC") was now servicing his note, and that he was four months

behind on his payments.  Enis alleges that BAC refused to credit his account or accept proof

of payments made under the payment plan with TB&W.  Enis asked BAC for a loan

modification, and BAC sent him the application.  Enis alleges that he repeatedly sent all

required documents to BAC, but that BAC responded each time that it had not received all

of the necessary documents.  BAC denied his application on this basis.  According to Enis,

BAC promised that it would not foreclose during the loan modification process.[2]

In July 2011 BOA became the servicing company for the note, and in September 2011

MERS assigned the deed of trust to BOA.  BOA exercised the deed of trust powers,

accelerating the full amount due and posting the property for foreclosure sale.  Enis filed suit

in state court, and BOA removed the case to this court.

Enis filed an amended complaint alleging the following claims: breach of contract,

unreasonable collection efforts, violations of the Texas Debt Collection Practices Act

---

[1]In deciding defendant's Rule 12(b)(6) motion, the court construes Enis' complaint in the light most favorable to him, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in his favor.  *See, e.g., Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).

[2]Many of Enis' claims against BOA arise from actions of BAC.  Because BOA is alleged to be BAC's successor by merger, the court in determining Enis' claims will consider BAC's conduct as if it were BOA's.  *See generally* Tex. Bus. Orgs. Code Ann. § 10.008(a)(3), (5) (West 2011) (stating that successor by merger assumes prior organization's liabilities, and that any pending proceedings should continue as if the merger never occurred).

("TDCPA"), and negligent misrepresentation.  Enis seeks damages, declaratory judgment, and an accounting.  BOA moves to dismiss all of Enis' claims.

II

In deciding BOA's Rule 12(b)(6) motion, the court evaluates the sufficiency of Enis' amended complaint by "accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).  To survive BOA's motion, Enis must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)).  Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more

than "'labels and conclusions.'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).   And "'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).

### III

The court first addresses Enis' contentions that BOA lacked the authority to foreclose and waived its right to foreclose.

### A

Enis contends that BOA lacks the authority to enforce the deed of trust and foreclose because MERS transferred only the deed of trust to BOA, not the note.  Enis' argument relies on the split-the-note theory, which maintains that when the deed of trust is assigned without the note, the assignee lacks the power to foreclose.  Judges of this and other district courts in the Fifth Circuit have soundly rejected this theory, instead holding that an assignment of a deed of trust transfers the power to foreclose.  *See, e.g., DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F.Supp.2d 616, 623 (N.D. Tex. 2011) (Means, J.); *Swim v. Bank of Am., N.A.*, 2012 WL 170758, at *3 (N.D. Tex. Jan. 20, 2012) (Lynn, J.); *Kramer v. Fed. Nat'l Mortg. Ass'n*, 2012 WL 3027990, at *6-7 (W.D. Tex. May 15, 2012) (refuting the one decision that accepted the split-the-note theory, *McCarthy v. Bank of Am., N.A.*, 2011 WL 6754064, at *3 (N.D. Tex. Dec. 22, 2011) (McBryde, J.)).  Because under the deed of trust MERS held the power of sale, BOA received that power when it was assigned the deed of trust.  *See DeFranceschi*, 837 F.Supp.2d at 623 ("Because the deed of trust specifically provided that MERS would have the power of sale, MERS had the power of sale that was

passed to [the bank] upon MERS's assignment.  In short, there is no merit to Plaintiffs' argument that the deed of trust and note were 'split,' rendering any attempted foreclosure defective.") (internal citations omitted).

B

Enis also contends that BOA waived its right to foreclose by waiving Enis' contractual breach of defaulting on the loan.  Enis bases his waiver argument on BAC's willingness to send Enis a loan modification application and its assurances that it would not foreclose while the application was pending.  These allegations fail to state a plausible claim of waiver, because waiver under Texas law requires a showing of "actual intent to relinquish the right, or intentional conduct inconsistent with the right." *Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 778 (Tex. 2008).  And if waiver is based upon inferences, as here, Enis must show "conclusive evidence that the opposite party 'unequivoc[ally] manifested' its intent to no longer assert its claim." *Wigginton v. Bank of N.Y. Mellon*, 2011 WL 2669071, at *4 (N.D. Tex. July 7, 2011)  (Fish, J.) (quoting *G.H. Bass & Co. v. Dalsan Props.—Abilene*, 885 S.W.2d 572, 577 (Tex. App. 1994, no writ)).

Enis fails to allege sufficient facts to allow the court to draw the reasonable inference that BOA intentionally waived its right to foreclose. Accepting Enis' factual allegations as true, BAC only promised not to foreclose *during the pendency* of the loan modification application, not *after* the application was denied.  Furthermore, the deed of trust explicitly counters any inference that BOA waived the right to foreclose; it provides that "[a]ny forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude

- 5 -

the exercise of any right or remedy." D. App. Ex. B at 5.[3] The court therefore concludes that

Enis has failed to plausibly plead waiver.

IV

The court next addresses Enis' breach of contract claims.

A

Enis alleges on several grounds that BOA breached the deed of trust contract, but the

court need not reach them because Enis acknowledges in his amended complaint that he

defaulted on the note.  Under Texas law, "a party to a contract who is himself in default

cannot maintain a suit for its breach." *RE/MAX of Tex., Inc. v. Katar Corp.*, 989 S.W.2d 363,

365 n.4 (Tex. 1999) (quoting *Gulf Pipe Line Co. v. Nearen*, 138 S.W.2d 1065, 1068 (Tex.

1940)); *see also Steele v. Green Tree Servicing, LLC*, 2010 WL 3565415, at *4-5 (N.D. Tex.

Sept. 7, 2010) (Fitzwater, C.J.) (dismissing plaintiffs' breach of contract claim because they

failed to cure the default), *aff'd*, 453 Fed. Appx. 473 (5th Cir. 2011), *cert. denied*, ___ U.S.

___, 2012 WL 1439353 (Oct. 1, 2012).  Therefore, the court dismisses Enis' claim that BOA

breached the deed of trust.

Enis raised several subsidiary claims to support his contention that BOA breached the

deed of trust.  Because Enis does not plead these subsidiary claims as independent, stand-

---

[3]In deciding the motion to dismiss, the court considers the note and deed of trust attached to BOA's motion. *See, e.g., Hoffman v. L & M Arts*, 774 F.Supp.2d 826, 829 n.2 (N.D. Tex. 2011) (Fitzwater, C.J.) (citing *Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003) ("[T]he court may review the documents attached to the motion to dismiss . . . where the complaint refers to the documents and they are central to the claim.")).

alone causes of action, the court dismisses the following claims together with Enis' breach of contract claim: breach of contract based on violation of the Real Estate Settlement Procedures Act ("RESPA"), violation of regulations under the Fair Housing Act ("FHA") and regulations promulgated by the Department of Housing and Urban Development ("HUD"), violation of the Texas Property Code, and breach of the contractual duty of good faith and fair dealing.[4]

B

Enis also alleges that BOA breached an oral, unilateral contract not to foreclose during the pendency of the loan modification application. But Enis' factual allegations demonstrate that BOA did not breach this alleged contract, because BOA posted the property for foreclosure *after* it denied the loan modification application. BOA denied the loan modification on July 3, 2011, before the scheduled foreclosure sale on January 2, 2012. Thus, as pleaded, BOA did not breach its alleged oral promise not to foreclose while the application for loan modification was pending. *Cf. Swim*, 2012 WL 170758, at *4 (declining to dismiss similar breach of contract claim where foreclosure occurred while loan modification application was still pending).

This breach of contract claim also fails under the statute of frauds. Under Texas law,

---

[4]Enis explained that these claims were not independent, but rather were examples of BOA's breaching the deed of trust. *See* P. Surreply 3 (arguing that "since Defendants breached RESPA, Defendants breached the Deed of Trust"); P. Br. 20, 22, 26 (stating that his HUD, FHA, and Texas Property Code claims are all claims for breach of the deed of trust).

Case 3:12-cv-00295-D   Document 32   Filed 10/03/12   Page 8 of 18   PageID 354

the statute of frauds applies to loan agreements for amounts exceeding $50,000. *See* Tex.

Bus. & Com. Code Ann. § 26.02(a)-(b) (West 2009).  The alleged oral contract here—an

agreement not to foreclose while the loan modification application was pending—would alter

the written loan agreement in the note and deed of trust.[5]  Thus the alleged oral contract is

unenforceable under the statute of frauds.[6]  *See, e.g.*, *Bryant v. Bank of Am., N.A.*, 2012 WL

2681361, at *12 (E.D. Tex. June 6, 2012) ("[W]hen a modification relates to a matter that

must be in writing, the modification must also be in writing."); *Myers v. Bank of Am., N.A.*,

2012 WL 1107687, at *4 (E.D. Tex. Mar. 31, 2012) (dismissing similar claim for breach of

an oral contract promising not to foreclose while loan modification was pending).  The court

dismisses Enis' claim for breach of the alleged oral contract not to foreclose.

C

Enis also asserts that BOA committed anticipatory breach of the deed of trust.

Anticipatory breach consists of three elements: (1) absolute repudiation of a contractual

obligation; (2) lack of a just excuse for the repudiation; and (3) damage to the

non-repudiating party.  *Gonzalez v. Denning*, 394 F.3d 388, 394 (5th Cir. 2004) (citing

*Taylor Publ'g Co. v. Sys. Mktg. Inc.*, 686 S.W.2d 213, 217 (Tex. App. 1984, writ ref'd

n.r.e.)).  To absolutely repudiate, a party must, through words or actions, declare an

---

[5]The alleged oral contract would alter the note and deed of trust because neither restricts the lender's power to foreclose while an application for loan modification is pending.

[6]Enis asserts two exceptions to the statute of frauds, but the court declines to apply promissory estoppel or the part performance exception.

- 8 -

unconditional intent not to perform the contract according to its terms. *See Swim*, 2012 WL 170758, at \*4 (citing *Builders Sand, Inc. v. Turtur*, 678 S.W.2d 115, 120 (Tex. App. 1984, no writ)).

Enis' amended complaint does not specify which allegations support his anticipatory breach claim; it only mentions anticipatory breach in a heading.  Enis elaborates on the anticipatory breach claim in response to BOA's motion to dismiss, but none of the cited allegations states a plausible claim that BOA repudiated a contractual obligation in the deed of trust.

First, Enis points to the allegation that BOA sought foreclosure despite promising not to foreclose while the loan modification was pending.  This alleged promise is not a contractual obligation in the deed of trust; the deed of trust is silent on loan modification.  In fact, the amended complaint alleges that this promise was part of a separate, oral contract regarding loan modification.

Second, Enis refers to BOA's refusal to credit the payments he made in the payment plan with TB&W.  But, as pleaded, BOA's refusal does not relate to any provision in the deed of trust and thus does not plausibly plead that BOA repudiated a contractual obligation.

Third, Enis asserts that BOA's alleged violations of FHA regulations and of RESPA show anticipatory breach.  Enis alleges that BOA violated RESPA by failing to respond to his written request about his account. *See* 12 U.S.C. § 2605(e)(1)(A).  And he alleges that BOA violated FHA regulations by failing to complete certain tasks required of a lender when a loan defaults, such as meeting with Enis and informing him of available assistance. *See* 24

C.F.R. § 203.604(b), (e) (2012).  Although a violation of federal or state law can support a breach of contract claim, the statutory or regulatory provision must be included in the deed of trust.  *See Thomas v. EMC Mortg. Corp.*, 2011 WL 5880988, at *8 (N.D. Tex. Nov. 23, 2011) (McBryde, J.) (dismissing breach of contract claim based on alleged RESPA violation because RESPA provision was not a provision in the deed of trust).  Enis' deed of trust does not include provisions requiring RESPA written responses or compliance with the FHA regulations at issue.  Therefore, as the amended complaint is framed, BOA had no contractual obligation that it could repudiate by violating RESPA or the alleged FHA regulations.

Because the amended complaint fails to plausibly plead that BOA repudiated any contractual obligation in the deed of trust, the court dismisses Enis' anticipatory breach claim.

V

The court next considers Enis' claim in tort for unreasonable collection efforts.  This intentional tort claim requires a showing that debt collection efforts "amount[ed] to a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm."  *Smallwood v. Bank of Am.*, 2012 WL 32654, at *4 (N.D. Tex. Jan. 6, 2012) (Fitzwater, C.J.) (quoting *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 868-69 (Tex. App. 2008, no pet.)).  Texas courts generally reserve this tort for actual collection efforts, such as telephone calls or approaching the debtor, that overstep the bounds of routine collection methods through excessive harassment.  *See, e.g., EMC Mortg. Corp.*, 252 S.W.3d at 864-65 (lender accidentally foreclosed on plaintiffs' property and sent a "'very large, intimidating

man'" who, "yelling and screaming, demanded the keys to the house, and told the [plaintiffs'] family to get out"); *Pioneer Fin. & Thrift Corp. v. Adams*, 426 S.W.2d 317, 319 (Tex. Civ. App. 1968, writ ref'd n.r.e.) (collection agency called plaintiff five times in one night and once threatened personal violence).

As proof of unreasonable collection efforts, Enis alleges the following: BOA failed to give him the opportunity to cure the default because it did not respond to his written request for an accounting; it misled him by promising loan modification; it imposed numerous late fees and additional charges; it slandered his credit reputation and exposed him to ridicule in the community; and it made harassing phone calls.

Enis has stated a plausible claim for unreasonable collection efforts because of the alleged harassing phone calls.  According to the amended complaint, "BOA called Plaintiff repeatedly all day long every day and as late as 11:00 at night even though Plaintiff told BOA not to call."  Am. Compl. ¶ 39; *see also id.* at ¶ 18 ("BAC called Plaintiff every hour from around 8 a.m. until as late as 11:00 p.m. harassing Plaintiff about his mortgage."). Texas courts have held that telephone calls harassing a debtor can constitute unreasonable collection efforts.  *See Pioneer Fin. & Thrift Corp.*, 426 S.W.2d at 319 (upholding finding of unreasonable collection efforts where collection agency called plaintiff five times in one night and once threatened personal violence); *Bray v. Cadle Co.*, 2010 WL 4053794, at *18-19 (S.D. Tex. Oct. 14, 2010) (citing Texas cases where harassing phone calls were considered unreasonable collection efforts). Enis' allegations about the frequency and timing of the telephone calls, taken as true, state a plausible claim.

Therefore, the court denies BOA's motion to dismiss Enis' claim of unreasonable

collection efforts.[7]

## VI

The court now turns to BOA's motion to dismiss Enis' claims based on six alleged

violations of the TDCPA.[8]

## A

Enis asserts that BOA violated Tex. Fin. Code Ann. § 392.301(a)(8) (West 2006),

which prohibits coercion or threats by actions prohibited by law.  Enis fails to plead any facts

that permit the court to draw the reasonable inference that BOA engaged in prohibited acts

---

[7]The court notes that Enis' other allegations of unreasonable collection efforts would not state a plausible claim.  BOA's failing to respond to a request for accounting, refusing to recognize prior payments, promising loan modification, and promising not to foreclose are not collection efforts.  These allegations also fail to show an intent to harass and inflict mental anguish. *See Smallwood*, 2012 WL 32654, at *4 (dismissing similar allegations such as not providing an accounting and refusing to recognize payments that had been made); *Sanghera v. Wells Fargo Bank, N.A.,* 2012 WL 555155, at *7 (N.D. Tex. Feb. 21, 2012) (Boyle, J.) ("[T]he Court is unaware . . . how promising not to foreclose on a property, can, without more, be considered willful, wanton, or malicious harassment.); *Swim*, 2012 WL 170758, at *7 (dismissing similar allegation that misleading plaintiff about loan modification constituted unreasonable collection efforts).

 Allegations of improper late fees do not state a claim for unreasonable collection efforts where a debt is still owed.  *See DeFranceschi*, 837 F.Supp.2d at 625.

 And, without more pleaded facts, Enis' conclusory allegation that BOA slandered his credit reputation fails to state a plausible claim.  *See Swim*, 2012 WL 170758, at *7 (dismissing similar conclusory allegation of slander to credit reputation).

[8]BOA's motion to dismiss only specifically mentions two of the allegedly violated provisions, Tex. Fin. Code Ann. §§ 392.301(a)(8) and 392.304(a)(19).  But because BOA also generally moves to dismiss Enis' entire claim under the TDCPA, the court will consider whether each of Enis' six allegations state a plausible claim for relief.

that were coercive or threatening.  *See Swim*, 2012 WL 170758, at \*5 (dismissing similar claim where plaintiff failed to explain how lender's actions were prohibited by law or coercive).  The TDCPA does not prevent a debt collector from "exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale[.]"  Tex. Fin. Code Ann. § 392.301(b)(3).

B

Enis has, however, pleaded a plausible claim under § 392.302[4], which prohibits repeated telephone calls made with the intent to harass.  *See* Tex. Fin. Code Ann. § 392.302[4].  Enis alleges that BOA harassed him with repeated telephone calls, some as late as 11:00 p.m.

C

Enis alleges a violation of Tex. Fin. Code Ann. § 392.303(a)(2), which prohibits unfair means of debt collection, such as charging a fee or collecting interest that is not expressly authorized by the loan agreement or legally chargeable to the debtor.  The amended complaint alleges that BOA increased Enis' monthly payment and raised the fixed interest rate from 6.25% to 7.25%.  Enis also asserts that BOA charged late fees and interest on payments he had already made through the payment plan with TB&W.

To state a plausible claim, the alleged late fees and interest cannot have been authorized by the loan agreement. *See* § 392.303(a)(2).  Here, the note authorizes an interest rate of 7.25%, and the note and deed of trust authorize late fees on overdue payments.  Therefore, BOA's alleged raising of the interest rate to 7.25% is authorized and cannot

violate § 392.303(a)(2). *See Sanghera*, 2012 WL 555155, at *8 (dismissing claim under § 392.303(a)(2) where note and deed of trust authorized the charge).

Enis does state a plausible claim for BOA's imposition of interest and late fees on the amount he already paid through the TB&W payment plan. Taking the alleged facts as true and viewing the pleadings in the light most favorable to Enis, it is reasonable to infer that BOA wrongfully refused to credit Enis' account for the payments to TB&W and that BOA was not authorized to charge late fees on the amount already paid. Therefore, the court denies the motion to dismiss Enis' claim under § 392.303(a)(2).[9]

D

Enis alleges that BOA misrepresented the amount of his debt, in violation of Tex. Fin. Code Ann. § 392.304(a)(8). The amended complaint alleges that BOA refused to credit Enis' account for the payments made to TB&W, and instead demanded the full loan amount. Taking these alleged facts as true, Enis has stated a plausible claim that BOA misrepresented the amount of debt Enis owed by demanding the full amount when it allegedly should have credited Enis' account for the payments made to TB&W. *See McDonald v. Deutsche Bank Nat'l Trust Co.*, 2012 WL 2122168, at *7 (N.D. Tex. June 11, 2012) (Boyle, J.) (denying motion to dismiss where lender allegedly misrepresented amount due on loan). The court denies the motion to dismiss the claim brought under § 392.304(a)(8).

---

[9]BOA is authorized to impose late fees on past due amounts, but Enis' claim alleges that late fees were assessed on a disputed amount (i.e., because BOA did not accept his proof of payments to TB&W). Viewed favorably to Enis, he has stated a claim that survives a Rule 12(b)(6) motion.

E

Enis asserts that BOA violated Tex. Fin. Code Ann.§ 392.304(a)(19), which generally

prohibits "using any other false representation or deceptive means to collect a debt." Enis

alleges that he repeatedly mailed in the loan modification documents that BOA requested,

but that BOA responded each time that it had not received any documents, and then finally

admitted to receiving just one page. Taking these allegations as true, Enis has stated a

plausible claim that BOA falsely represented not receiving the documents, which violates

§ 392.304(a)(19). *See Swim*, 2012 WL 170758, at \*6 (denying motion to dismiss

§ 392.304(a)(19) claim where lender allegedly misrepresented receiving documents and

sought foreclosure during loan modification process despite promising to refrain while

modification process was pending). The court denies the motion to dismiss the

§ 392.304(a)(19) claim.

F

Enis alleges that BOA engaged in debt collection without obtaining a surety bond

from the Secretary of State, in violation of Tex. Fin. Code Ann. § 392.101. Section 392.101

requires third-party debt collectors to obtain a surety bond. The Texas statute incorporates

the definition of "third-party debt collector" from federal law, which defines a debt collector

as any person who collects debts owed to another. *See* Tex. Fin. Code Ann. § 392.001(7);

15 U.S.C. § 1692a(6).

The amended complaint alleges that BOA holds the deed of trust and services the

note, but that BOA does not own the note. Therefore, BOA is acting as a third-party debt

collector and must obtain a surety bond.[10]  Enis' allegation that BOA has not obtained a

surety bond, taken as true, states a plausible claim that BOA violated § 392.101.

VII

Enis' final substantive claim is that BOA is liable for negligent misrepresentation.

According to the amended complaint, BOA "failed to use reasonable care in communicating

the correct status of Plaintiff's mortgage loan by telling Plaintiff that he qualified for a loan

modification . . . and that Plaintiff should ignore the foreclosure notices" because BOA

promised not to foreclose while the modification application was pending.  Am. Compl.

¶¶ 54-56.

The court dismisses Enis' claim for negligent misrepresentation because Texas law

"prohibit[s] tort claims if the parties' relationship and attendant duties arise from a contract."

*DeFranceschi*, 837 F.Supp.2d at 625 (citing *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493,

494-95 (Tex. 1991) (holding that plaintiff cannot recover under tort law "[w]hen the only loss

or damage is to the subject matter of the contract")).  Here, "[a]ny rights or obligations of the

parties stemmed from the Deed of Trust" and thus any damages "arise directly from the

alleged breach of this contractual relationship[.]"  *Sanghera*, 2012 WL 555155, at *6

(dismissing negligent misrepresentation claim between lender and borrower).

---

[10]An exception exists under the federal definition for third-party debt collectors who obtained a debt before it went into default.  *See* 15 U.S.C. § 1692a(6)(F)(iii).  That exception does not apply here because the pleadings state that Enis defaulted before August 2009, whereas BOA was assigned the deed of trust in September 2011 and began servicing the note in July 2011.

VIII

Enis seeks declaratory judgment that he has not breached the deed of trust and that

BOA breached the deed of trust, waived its right to foreclose, and holds an invalid lien.  The

court declines Enis' request for declaratory judgment because it is redundant in light of Enis'

similar breach of contract claim, which the court has dismissed.  *See supra* § IV; *see also*

*Swim*, 2012 WL 170758, at *8 (dismissing as redundant declaratory judgment claim seeking

contract interpretation that would be resolved as part of breach of contract action).

IX

Enis requests an accounting of all transactions on his mortgage loan.  An accounting

is sought in equity, and "is proper when the facts and accounts presented are so complex

adequate relief may not be obtained at law."  *Steele*, 2010 WL 3565415, at *8 (quoting

*T.F.W. Mgmt., Inc. v. Westwood Shores Prop. Owners Ass'n*, 79 S.W.3d 712, 717 (Tex. App.

2002, pet. denied).  "But if the party can obtain similar relief through standard discovery, the

trial court may decline to order an accounting."  *Id.*  The court declines to order an

accounting at this stage of litigation because Enis can request the records he seeks through

discovery.

X

The court denies BOA's motion to dismiss Enis' claim for exemplary damages.

Although Texas law precludes exemplary damages for contract actions, Enis can recover

exemplary damages under the TDCPA and his tort claim of unreasonable collection efforts.

*See Morante v. Am. Gen. Fin. Ctr.*, 157 F.3d 1006, 1011 (5th Cir. 1998) (citing *Brown v.*

*Oaklawn Bank*, 718 S.W.2d 678, 680 (Tex.1986) (holding that exemplary damages are available under the TDCPA)).

XI

Although the court is dismissing some of Enis' claims, it will permit him to replead. "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)).  Because Enis has not stated that he cannot, or is unwilling to, cure the defects that the court has identified, the court grants him 30 days from the date this memorandum opinion and order is filed to file a second amended complaint.

*   *   *

For the reasons set out, the court grants in part and denies in part defendant's motion to dismiss and grants plaintiff leave to replead.

**SO ORDERED.**

October 3, 2012.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE