IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CODY ENIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:12-CV-0295-D |
| VS. | § | |
| | § | |
| BANK OF AMERICA, N.A., AS | § | |
| SUCCESSOR BY MERGER TO BAC | § | |
| HOME LOANS SERVICING, L.P., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action arising from a residential foreclosure, defendant Bank of America, N.A. ("BOA") moves under Fed. R. Civ. P. 12(c) for judgment on the pleadings dismissing two claims asserted by plaintiff Cody Enis ("Enis") in his second amended complaint. For the reasons explained, the court grants the motion in part, denies it in part, and allows Enis to replead.

I

Enis purchased residential property in 2007 and executed a promissory note in favor of BSM Financial, L.P. d/b/a Banksource Mortgage ("BSM").[1] The deed of trust named as beneficiary Mortgage Electronic Registration Systems, Inc. ("MERS"). Enis fell behind on

---

[1] The court assumes the parties' familiarity with the background facts discussed in its prior memorandum opinion and order, and thus sets out here only the facts necessary to understand the present decision. *See Enis v. Bank of Am., N.A.*, 2012 WL 4741073, at *1 (N.D. Tex. Oct. 3, 2012) (Fitzwater, C.J.) ("*Enis I*").

his note payments in 2009. Enis alleges that he entered into a modified payment plan with Taylor, Bean & Whitaker Mortgage Co. ("TB&W"), the company that was then servicing the note.[2] In August 2009 Enis received notice that BAC Home Loans Servicing, L.P. ("BAC") was now servicing the note, and that he was four months behind on his payments. Enis maintains that BAC refused to credit his account or accept the proof of payments made under the payment plan with TB&W.[3] Enis asked BAC for a loan modification, and BAC sent him the application. Enis alleges that he repeatedly sent all required documents to BAC, but that BAC responded each time that it had not received all of the necessary documents. BAC denied his application on that basis. BAC allegedly promised that it would not foreclose during the loan modification process.

Enis alleges that he then sent BAC a qualified written request ("QWR") pursuant to the Real Estate Settlement Procedures Act ("RESPA"). The letter disputed the amount owed and requested a complete accounting. BAC allegedly failed to provide the requested information, in violation of RESPA. Enis avers that BAC continued to charge him late fees and interest on the amount he had already paid to TB&W.

---

[2]"When deciding a Rule 12(c) motion, the court accepts as true all well-pleaded facts in the complaint and views them in the light most favorable to the plaintiff." *Hoffman v. L & M Arts*, 2011 WL 3567419, at *9 (N.D. Tex. Aug. 15, 2011) (Fitzwater, C.J.) (citing *Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).

[3]Several of Enis' claims against BOA arise from actions by BAC. Because BOA is BAC's successor by merger, the court will consider BAC's conduct as if it were BOA's in addressing Enis' claims. *See Enis I*, 2012 WL 4741073, at *1 n.2 (citing Tex. Bus. Orgs. Code Ann. § 10.008(a)(3), (5) (West 2011)).

In July 2011 BOA became the servicing company for the note, and in September 2011 MERS assigned the deed of trust to BOA. BOA exercised the deed of trust powers, accelerating the full amount due and posting Enis' residence for foreclosure. Enis filed suit in state court, and BOA removed the case to this court.

Enis filed a first amended complaint alleging breach of contract, unreasonable collection efforts, violations of the Texas Debt Collection Practices Act, and negligent misrepresentation. BOA moved to dismiss all claims under Rule 12(b)(6), which this court granted in part and denied in part. *See Enis v. Bank of Am., N.A.*, 2012 WL 4741073, at *1 (N.D. Tex. Oct. 3, 2012) (Fitzwater, C.J.) ("*Enis I*"). In *Enis I* the court dismissed, *inter alia*, Enis' breach of contract claim. *See id.* at *3. In doing so, the court also dismissed alleged violations of RESPA and certain federal housing regulations that Enis had pleaded as grounds for his breach of contract claim instead of as stand-alone causes of action. *See id.*

Enis filed a second amended complaint that added a stand-alone claim under RESPA § 2605, 12 U.S.C. § 2605, and a request for specific performance ordering BOA to comply with Fair Housing Act ("FHA") regulations and regulations promulgated by the Department of Housing and Urban Development ("HUD"). Pursuant to Rule 12(c), BOA moves for judgment on the pleadings dismissing these two claims.

II

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion to dismiss under Rule

12(b)(6).  *See, e.g., Hoffman v. L & M Arts*, 2011 WL 3567419, at *4 (N.D. Tex. Aug. 15, 2011) (Fitzwater, C.J.) (citing *Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010)).

Under Rule 12(b)(6) the court evaluates the pleadings by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).  To survive BOA's motion, Enis' second amended complaint must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Fed. R. Civ. P. 8(a)(2)).  Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).  And "'a formulaic recitation of the elements of

a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

III

The court first considers Enis' stand-alone RESPA claim.

A

RESPA requires a loan servicer to take certain steps when it receives a QWR from a borrower. *See* 12 U.S.C. § 2605(e). For instance, within 60 days after receiving a QWR, the servicer must either make appropriate corrections to the borrower's account or conduct an investigation and provide the borrower with a written explanation that includes a statement why the servicer believes the account is correct or why the requested information is unavailable or cannot be obtained. *See id.* § 2605(e)(2). A servicer who fails to comply with § 2605 is liable to an individual borrower for "any actual damages to the borrower as a result of the failure," and additional damages "in the case of a pattern or practice of noncompliance." *Id.* § 2605(f)(1).

Because § 2605(f) imposes liability for damages incurred "as a result of" the RESPA violation, "[i]n order to state a claim for a RESPA violation in connection with a [QWR], a plaintiff must allege actual damages resulting from a violation of § 2605." *Renfrow v. CTX Mortg. Co.*, 2012 WL 3582752, at *7 (N.D. Tex. Aug. 20, 2012) (Lindsay, J.); *see also Collier v. Wells Fargo Home Mortg.*, 2006 WL 1464170, at *3 (N.D. Tex. May 26, 2006) (Kinkeade, J.) ("Plaintiffs have alleged no damages which were caused by Defendant's failure to respond or inadequate response to the RESPA requests, and thus have failed to sufficiently allege a violation of section 2605(e) of RESPA[.]").

B

Enis alleges that he sent a QWR to dispute the amount owed on his account because BAC refused to credit the amount he paid to TB&W. The QWR also requested an accounting. BAC allegedly violated RESPA by failing to provide the requested information. Enis avers that BAC continued to charge him late fees and interest on the amount he had already paid to TB&W.

BOA maintains that Enis has failed to allege damages resulting from the alleged failure to respond to his QWR. It contends that Enis' default caused his supposed damages, not the alleged RESPA violation.

The court concludes that Enis has adequately alleged damages resulting from the alleged RESPA violation. In the second amended complaint, after Enis alleges the RESPA violation, he avers that he "was frustrated with BAC because it kept losing his documents, charging him late fees and interest on payments he had already made to [TB&W]." 2d Am. Compl. ¶ 18. Courts have held to be sufficient to allege damages resulting from a RESPA violation allegations that the servicer inaccurately imposed late fees after violating RESPA by failing to properly investigate and provide a written response to a QWR. *See Padgett v. OneWest Bank, FSB*, 2010 WL 1539839, at *13-14 (N.D. W. Va. Apr. 19, 2010) (denying motion to dismiss allegations that if servicer had performed proper investigation under RESPA, late charges would not have been imposed); *see also Johnstone v. Bank of Am., N.A.*, 173 F.Supp.2d 809, 814 (N.D. Ill. 2001) (finding sufficient, albeit pre-*Twombly*, allegation of "causal connection between the Bank's alleged RESPA violations and the late

fees"). Enis' second amended complaint is sufficient because it alleges that his QWR disputed BAC's failure to credit his account for the amount paid to TB&W, and that he continued to be charged late fees and interest on the amount he already paid to TB&W. The court can thus reasonably infer that the alleged RESPA violation resulted in unwarranted late fees and interest.

IV

Enis also requests specific performance based on BOA's alleged violations of FHA and HUD regulations.

A

"'Specific performance is an equitable remedy that may be awarded upon a showing of breach of contract.'" *Geske v. Wells Fargo Bank, N.A.*, 2012 WL 1231835, at *5 (N.D. Tex. Apr. 12, 2012) (Lindsay, J.) (alteration omitted) (quoting *Stafford v. S. Vanity Magazine, Inc.*, 231 S.W.3d 530, 535 (Tex. App. 2007, pet. denied)). "Specific performance is not a separate cause of action, but rather it is an equitable remedy used as a substitute for monetary damages when such damages would not be adequate." *Stafford*, 231 S.W.3d at 535. The party seeking specific performance must prove the elements for breach of contract and "must also establish that there is no adequate remedy at law to compensate it for its loss." *Geske*, 2012 WL 1231835, at *5 (citing *S. Plains Switching, Ltd. v. BNSF Ry. Co.*, 255 S.W.3d 690, 703 (Tex. App. 2008, pet. denied)).

B

Enis requests by way of specific performance an order that BOA comply with FHA and HUD regulations applicable to the deed of trust.  He alleges these violations as grounds for specific performance instead of as stand-alone causes of action.[4]  Because specific performance is a remedy for breach of contract, and Enis' default precludes him from maintaining a claim for breach, *see Enis I*, 2012 WL 4741073, at *3, he has failed to state a plausible claim for specific performance, and this claim is dismissed.

V

Although the court is dismissing one of Enis' claims, it will permit him to replead. "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)).  Because Enis has not stated that he cannot, or is unwilling to, cure the defect that the court has identified, the court grants him 30 days from the date this memorandum opinion and order is filed to file a third amended complaint.

---

[4]The first amended complaint alleged these violations as grounds for breach of contract.  *See* Am. Compl. ¶¶ 23-26, 28.

\* \* \*

For the reasons explained, the court grants in part and denies in part defendant's motion for judgment on the pleadings and grants plaintiff leave to replead.

**SO ORDERED.**

March 7, 2013.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

- 9 -